# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| SANDRA KICIC, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Cause No. 2:16-cv-197-WTL-DKL |
| HOBBY LOBBY STORES, INC., ) ) | |
| Defendant. ) | |

## ENTRY ON OBJECTION TO MAGISTRATE JUDGE'S ORDER

This cause is before the Court on the Defendant's timely objection[1] to Magistrate Judge LaRue's Entry and Order on Motion for Reconsideration and Motion for Enlargement of Time to Respond to Plaintiff's Discovery Requests. *See* Dkt. No. 54 (objection); Dkt. No. 52 (entry). The issues are fully briefed and the Court, being duly advised, **SUSTAINS IN PART AND OVERRULES IN PART** the objection to the extent and for the reasons set forth below.

The dispute resolved by Magistrate Judge LaRue's ruling was whether and to what extent discovery should proceed in this case before the Plaintiff is required to respond to the Defendant's motion to compel arbitration. There is no dispute that an arbitration agreement exists between the Plaintiff and the Defendant; the question is whether that agreement is enforceable with regard to the Plaintiff's claim under the Fair Labor Standards Act. In light of the Seventh Circuit's ruling in *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016), it appears that the answer to that question hinges on whether the Plaintiff was "employed as a

---

[1] As the Defendant correctly points out in its reply brief, the Plaintiff's argument that the Defendant's objection was untimely is without merit, as it fails to account for the additional three days added by operation of the applicable version of Federal Rule of Civil Procedure 6(d).

supervisor" such that she was excluded from the definition of employee under the National Labor Relations Act, 29 U.S.C. § 152(3).

The Defendant objects to Magistrate Judge LaRue's ruling on its motion to reconsider because it permitted the Plaintiff to conduct discovery relating to the Plaintiff's supervisory status before responding to the Defendant's motion to compel arbitration. The Defendant's position is that before any discovery was permitted, the Plaintiff should have been required to respond to the motion to compel arbitration and demonstrate that an issue of material fact existed such that the Court could not resolve the motion without additional evidence that was unavailable to the Plaintiff absent discovery. To hold otherwise, the Defendant argues, is to risk permitting the Plaintiff to conduct unnecessary discovery in contravention of the purpose of the Federal Arbitration Act.

The course of action urged by the Defendant is not unreasonable. Magistrate Judge LaRue, however, after careful consideration, determined that under the circumstances of this case, the more appropriate course of action was to permit narrowly tailored discovery regarding the Plaintiff's supervisory status before requiring the Plaintiff to respond to the motion to compel arbitration. Because the Magistrate Judge's ruling on the motion to compel was a nondispositive ruling, it is subject to review for clear error. *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014); *see also* Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) (both establishing standard for reviewing non-dispositive rulings by magistrate judges). The Court does not find Magistrate Judge LaRue's decision to permit limited discovery regarding the Plaintiff's supervisory status to be clearly erroneous; rather, her reasoning is sound. At most the Defendant has demonstrated that reasonable minds can differ on the issue, which is insufficient to support a finding of clear error.

However, the Court finds Magistrate Judge LaRue's decision to extend discovery beyond the Plaintiff herself to permit discovery with regard to putative opt-in plaintiffs to be clearly erroneous. The Court agrees with the Defendant that the threshold issue of whether the arbitration clause is enforceable as to the Plaintiff must be decided before the Defendant may reasonably be required to respond to discovery regarding any opt-in plaintiffs. Accordingly, the Defendant's objection to Magistrate Judge LaRue's ruling is **SUSTAINED** to the extent that it permits discovery solely related to the supervisory status of persons other than Plaintiff Sandra Kicic. The objection otherwise is **OVERRULED**.

Pursuant to the order found at Docket No. 63, the Defendant's discovery responses are due **14 days from the date of this Entry**. The parties shall complete all discovery relating to the Plaintiff's supervisory status by **June 30, 2017**. The Plaintiff's response to the motion to compel arbitration shall be filed no later than **July 14, 2017**. The Defendant's reply shall be filed **within 14 days of the response**.

SO ORDERED: 4/12/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification